UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE MARTINEZ,

                     Plaintiff,

       v.

BRENT BASDEN et al.,

                  Defendants.

CASE NO. 3:26-cv-05197-DGE

ORDER DISMISSING
COMPLAINT

This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915(a). Plaintiff José Martinez, who is proceeding pro se and *in forma pauperis* ("IFP"), submitted a complaint on April 20, 2026, against Defendants Brent Basden, Clallam County District Court Judge; Alex Schodowski, Clallam County District Court Judge Pro Tem; Dave Neupert, Clallam County District Court Judge; and Christine Schaller, Thurston County Superior Court Judge (collectively, "Defendants"). (Dkt. No. 6 at 2–3.) For the reasons that follow, Plaintiff's complaint is DISMISSED.

ORDER DISMISSING COMPLAINT - 1

# I    BACKGROUND

Plaintiff alleges Defendants have violated his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983.  (*Id.* at 3.)  Specifically, he alleges the following against each Defendant:

- Judge Neupert, acting in his capacity as a district court judge, "issued a temporary restraining order against [] Plaintiff without any finding of harassment[]"; "presided over a criminal arraignment of [] Plaintiff without jurisdiction[]"; and "created pre-trial conditions which [] Plaintiff could not possibly comply with, in order to deny" his right to a trial by jury.

- Judge Pro Tem Schodowski issued a "one-year restraining order" and a "one-year protection order" against Plaintiff without obtaining personal jurisdiction and/or subject matter jurisdiction and without requiring the orders to be served on Plaintiff; denied Plaintiff's right to effective assistance of counsel by "refus[ing] to allow [] Plaintiff to fire the incompetent public defender, ignored [] Plaintiff's right to effective communication as required by the Americans with Disabilities Act, and also repeatedly refused to quash unconstitutional warrants"; and "persistently and intentional deprived" Plaintiff of his right to a speedy trial since mid-2024.

- On appeal, Judge Basden found Judge Pro Tem Schodowski lacked subject matter jurisdiction to issue the one-year protection order, "yet [Judge Basden] failed to do his duty to vacate the unconstitutional order"; and acted without authority to "retroactively extend[] a temporary order more than eight months into the past, in order to preserve unlawful criminal charges against" Plaintiff.

ORDER DISMISSING COMPLAINT - 2

- Judge Schaller abused her discretion and violated Plaintiff's constitutional rights "when she dismissed [] Plaintiff's claims against the state, in state court."

(Dkt. No. 6-1 at 1–3.) Plaintiff asserts his claims are not blocked by the *Rooker-Feldman* doctrine "because they have never been raised nor heard in state court." (*Id.* at 3.) He then notes that his claims "establish facial plausibility" and requests a "constitutional judge" be assigned to this case, "rather than an activist judge." (*Id.*) Plaintiff requests $500,000 in damages and an order that vacates "all criminal charges" against him. (Dkt. No. 6 at 5.)

## II    DISCUSSION

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

It is unclear from the face of Plaintiff's complaint whether the state court proceedings of which he complains are final or ongoing. Either way, however, Plaintiff's claims fail.

ORDER DISMISSING COMPLAINT - 3

A. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). The jurisdictional bar posed by *Rooker-Feldman* applies even if the complaint raises federal constitutional issues. *Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

Here, though Plaintiff insists his claims are not barred by *Rooker-Feldman* (*see* Dkt. No. 6-1 at 3), he indisputably seeks to challenge decisions made in state court by asking this Court to vacate "all criminal charges against him[.]" (Dkt. No. 6 at 5.) Though somewhat vague, Plaintiff's allegations of constitutional violations, such as Judge Neupert imposing pretrial conditions to deny him the right to a jury and Judge Pro Tem Schodowski denying his right to effective assistance of counsel, are "inextricably intertwined" with the underlying state court proceedings. (Dkt. No. 6-1 at 1–2); *Dawes v. California*, Case No. 3:19-cv-02122-MMA-WVG, 2020 WL 1820122, at *6 (S.D. Cal. Apr. 10, 2020) (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Further, Plaintiff requests $500,000 in

ORDER DISMISSING COMPLAINT - 4

"compensatory damages" for the constitutional violations.  (Dkt. No. 6 at 5.)  "A claim for damages cannot be brought under § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the plaintiff demonstrates that the conviction or sentence previously has been reversed, expunged, or otherwise invalidated."  *Rong v. Arizona*, Case No. CV-25-00351-TUC-JGZ (LCK), 2025 WL 2458451, at *7 (D. Ariz. Aug. 26, 2025) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994)).  Plaintiff offers no factual allegations that any state court conviction has been invalidated.

The Court is therefore precluded from considering Plaintiff's claims, as it would require the court to "intimate that the state court wrongfully decided" the issues before it.  *Blickenstaff v. Westhoff*, Case No. 4:24-CV-00501 SPM, 2024 WL 1716503, at *3 (E.D. Mo. Apr. 22, 2024).  Because Plaintiff appears to seek the Court's assistance in overturning decisions made by state court judges, his claims are barred.

### B.  *Younger* Abstention

In the alternative, if Plaintiff's criminal proceedings in state court have not concluded, they are subject to *Younger* abstention.  The *Younger* abstention doctrine mandates that federal courts must generally abstain from interfering in a parallel, pending state criminal proceeding.  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger v. Harris*, 401 U.S. 37, 43–54 (1971)).  The Court must abstain under *Younger* "'when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'"  *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2021) (internal citation omitted)).

ORDER DISMISSING COMPLAINT - 5

It is unclear whether *Younger* abstention applies here, because the Court cannot determine from the face of the complaint whether the criminal case against Plaintiff remains ongoing. (*See generally* Dkt. No. 6-1.) To the extent the case has not concluded, *Younger* prevents this Court from entertaining Plaintiff's various challenges to his charges and/or prosecution.

## C. Sovereign Immunity and Judicial Immunity

Even if Plaintiff's claims were not barred by *Rooker-Feldman* or *Younger*, Plaintiff's claims are separately deficient because Defendants are immune from suit. "A suit against a governmental officer in his official capacity is equivalent to a suit against the government entity itself." *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Though Plaintiff identifies Defendants as "all state actors," Plaintiff does not specifically allege whether he is suing Defendants in their individual or official capacities aside from Judge Neupert, whom Plaintiff specifies was "acting in his capacity as district court judge[.]" (Dkt. No. 6-1 at 1.) Notwithstanding, states are barred from § 1983 liability under the Eleventh Amendment. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989). Therefore, Plaintiff fails to state a claim against Defendants in their official capacities.

Even liberally construing Plaintiff's complaint to include suits against Defendants in their individual capacities, Plaintiff fails to state a claim because Defendants are protected by absolute judicial immunity. Judicial immunity extends to all acts "normally performed by a judge" where the "expectation[] of the parties" is that they are "deal[ing] with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Put another way, whether an act by a judge is a "judicial" one "relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt

ORDER DISMISSING COMPLAINT - 6

with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citation and internal quotation marks omitted). "Because the relevant inquiry is focused on the nature or function of the act rather than the act itself, a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" *Scannell v. Wash. State Bar Ass'n*, Case No. CV 12-00683 SJO, 2013 WL 12423273, at *3 (W.D. Wash. Feb. 26, 2013) (quoting *Mireles*, 502 U.S. at 13). Judicial immunity ends only where a judge has acted in "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). The Ninth Circuit has held judicial immunity extends beyond monetary damages to "declaratory, injunctive, and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded by statute on other grounds*; *see also Rote v. Comm. on Jud. Conduct and Disability of Jud. Conf. of U.S.*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021).

Here, it appears all of Defendants' individual actions that Plaintiff alleges were in violation of his constitutional rights fell within the umbrella of their judicial capacity and therefore, are protected by absolute immunity. Plaintiff makes one specific allegation that Judge Basden "found that the district court [Judge Pro Tem Schodowski] lacked subject matter jurisdiction to issue the one-year protection order" and that Judge Basden then acted unconstitutionally by not vacating the protection order against Plaintiff. (Dkt. No. 6-1 at 2.) Taken as true, this allegation could potentially raise questions about a "clear absence of all jurisdiction[]" to overcome judicial immunity. *Stump*, 435 U.S. at 357 (citation omitted). However, Plaintiff does not provide any details to shade in how Judge Basden "acted unconstitutionally and without any authority[,]" nor how Judge Pro Tem Schodowski "lacked subject matter jurisdiction to issue the one-year protection order[.]" (Dkt. No. 6-1 at 2.) Put another way, Plaintiff does not explain how Judge Basden or Judge Pro Tem Schodowski acted

ORDER DISMISSING COMPLAINT - 7

in "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 (citation omitted).  Even assuming Defendants are not protected by absolute immunity in this context, such conclusory, unsupported statements alone are insufficient to state a claim for relief.

**D.  Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  While it appears unlikely that any of Plaintiff's claims can be pleaded independently of his request for federal court involvement in state court proceedings (whether those proceedings are pending or concluded), it may not be inconceivable, even though the Court has serious doubt.  Further, this is Plaintiff's first complaint, so the Court cannot determine with certainty whether any potential amendment may be futile without first reviewing the proposed amendment.  The Court will therefore allow Plaintiff to amend his complaint specifically with regard to his constitutional claims against Defendants in their *individual capacities only*.  Plaintiff must allege *with specificity* facts that support the claims he asserts to address *all* the deficiencies identified in this order.

Plaintiff's claims against Defendants in their official capacities are dismissed without leave to amend because Defendants are protected by sovereign immunity, and therefore amendment would be futile.  *See Will*, 491 U.S. at 70; *Lucas*, 66 F.3d at 248.

### III   CONCLUSION

Accordingly, the Court DISMISSES Plaintiff's complaint (Dkt. No. 6) under 28 U.S.C. § 1915(e)(20)(B)(ii).  Plaintiff is granted leave to amend his complaint to attempt to cure the

ORDER DISMISSING COMPLAINT - 8

deficiencies identified in this order.  Any amended complaint SHALL be filed no later than **May 19, 2026.**

The Clerk is directed to calendar this event.

Dated this 28th day of April 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING COMPLAINT - 9